**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_Southern_          District of          _New York_

(State)

Case number *(if known)*: _____    Chapter    _11_

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1.** | **Debtor's Name** | **Revlon Consumer Products Corporation** |
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number (EIN)** | **13-3662953** |

**4.   Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **One New York Plaza**<br>Number          Street | Number          Street |
| | **P.O. Box** |
| **New York**               **NY**     **10004**<br>City                       State     Zip Code | City                State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **New York**<br>County | Number          Street |
| | City                State     Zip Code |

**5.   Debtor's website** (URL)          www.revlon.com

| Debtor | **Revlon Consumer Products Corporation** | Case Number *(if known)* | |
|---|---|---|---|
| | Name | | |

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

---

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3159 (Apparel Accessories and Other Apparel Manufacturing)**

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter 5 of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

| Debtor | **Revlon Consumer Products Corporation** | Case Number *(if known)* _____ |
|---|---|---|
| | Name | |

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| | District _____ | When _____ MM/DD/YYYY | Case number _____ |
|---|---|---|---|
| | District _____ | When _____ MM/DD/YYYY | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases, if more than 1, attach a separate list.

☐ No
☒ Yes.

| Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|
| District | **Southern District of New York** | | |
| Case number, if known | _____ | When | **06/15/2022** MM / DD / YYYY |

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____
City                State        Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
        Contact name _____
        Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

| Debtor | **Revlon Consumer Products Corporation** | Case Number *(if known)* |
|---|---|---|
| | Name | |

**14. Estimated number of creditors**[1]

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☒ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

**15. Estimated assets**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☒ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

**16. Estimated liabilities**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☒ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___06/15/2022___
MM/ DD / YYYY

✖    ___/s/ Victoria Dolan___                    Victoria Dolan
Signature of authorized representative of debtor    Printed name

Title ___Chief Financial Officer___

**18. Signature of attorney**

✖    ___/s/ Paul M. Basta, Esq.___    Date ___06/15/2022___
Signature of attorney for debtor    MM/DD/YYYY

**Paul M. Basta**
Printed Name

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Firm name

**1285 Avenue of the Americas**
Number    Street

**New York**    **NY**    **10019**
City    State    ZIP Code

**(212) 373-3000**    **pbasta@paulweiss.com**
Contact phone    Email address

**2568046**    **NY**
Bar number    State

---

[1]   The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

<table>
<tr><td colspan="2" style="background:black;color:white"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| United States Bankruptcy Court for the: | |
| **Southern District of New York** | |
| (State) | |
| Case number *(if known)*: _____ Chapter ___11___ | |

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Revlon, Inc.

| COMPANY |
|---|
| Revlon, Inc. |
| Revlon Consumer Products Corporation |
| Almay, Inc. |
| Art & Science, Ltd. |
| Bari Cosmetics, Ltd. |
| Beautyge Brands USA, Inc. |
| Beautyge U.S.A., Inc. |
| Charles Revson Inc. |
| Creative Nail Design, Inc. |
| Cutex, Inc. |
| DF Enterprises, Inc. |
| Elizabeth Arden (Financing), Inc. |
| Elizabeth Arden Investments, LLC |
| Elizabeth Arden NM, LLC |
| Elizabeth Arden Travel Retail, Inc. |
| Elizabeth Arden USC, LLC |
| Elizabeth Arden, Inc. |
| FD Management, Inc. |
| North America Revsale Inc. |
| OPP Products, Inc. |
| RDEN Management, Inc. |
| Realistic Roux Professional Products Inc. |
| Revlon Development Corp. |
| Revlon Government Sales, Inc. |
| Revlon International Corporation |
| Revlon Professional Holding Company LLC |
| Riros Corporation |
| Riros Group Inc. |
| Roux Laboratories, Inc. |

| COMPANY |
|---|
| Roux Properties Jacksonville, LLC |
| SinfulColors Inc. |
| RML, LLC |
| PPI Two Corporation |
| Revlon (Puerto Rico) Inc. |
| Elizabeth Arden (UK) Ltd. |
| Elizabeth Arden (Canada) Limited |
| Revlon Canada Inc. |
| Beautyge I |
| Beautyge II, LLC |
| BrandCo Almay 2020 LLC |
| BrandCo Charlie 2020 LLC |
| BrandCo CND 2020 LLC |
| BrandCo Curve 2020 LLC |
| BrandCo Elizabeth Arden 2020 LLC |
| BrandCo Giorgio Beverly Hills 2020 LLC |
| BrandCo Halston 2020 LLC |
| BrandCo Jean Nate 2020 LLC |
| BrandCo Mitchum 2020 LLC |
| BrandCo Multicultural Group 2020 LLC |
| BrandCo PS 2020 LLC |
| BrandCo White Shoulders 2020 LLC |

Official Form 201A (12/15)

| Fill in this information to identify the case and this filing: |
| --- |
| Debtor Revlon Consumer Products Corporation |

| United States Bankruptcy Court for the: | **Southern District of New York** |
| --- | --- |
| | (State) |
| Case number (If known): | New York |

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtors securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 033-59650.

2. The following financial data is the latest available information and refers to the debtor's condition on April 30, 2022.

   a. Total assets                                          $2,500,500,000

   b. Total debts (including debts listed in 2.c., below)   $4,455,600,000

   c. Debt securities held by more than 500 holders

|  |  |  |  |  | Approximate number of holders: |
| --- | --- | --- | --- | --- | --- |
| secured | ☐ unsecured | ☒ subordinated | ☐ | 6.25% Senior Notes due 2024 | Unknown[1] |
| secured | ☐ unsecured | ☐ subordinated | ☐ | $ | |
| secured | ☐ unsecured | ☐ subordinated | ☐ | $ | |
| secured | ☐ unsecured | ☐ subordinated | ☐ | $ | |
| secured | ☐ unsecured | ☐ subordinated | ☐ | $ | |

   d. Number of shares of preferred stock

   e. Number of shares common stock                         5,260[2]

   Comments, if any:

3. Brief description of debtor's business:  The Debtor is a global leader in the beauty industry with a with a diverse portfolio of brands, including Revlon and Elizabeth Arden, spanning multiple beauty segments.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

   Revlon, Inc.

---

[1]  Revlon Consumer Products Corporation does not and cannot know the precise number of beneficial holders of any debt securities that it has issued.

[2]  The number of shares of common stock reflected herein is based upon the debtor's latest publicly filed quarterly report as of March 31, 2022.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| Revlon Consumer Products Corporation | ) |
| | ) Case No. 22-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Name of Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Revlon, Inc. | One New York Plaza New York, New York 10004 | 100% |

---

[1] This list serves as the required disclosure by the Debtors pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the Chapter 11 Cases.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Revlon Consumer Products Corporation | ) Case No. 22-_____(___) |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| REVLON, INC. | 100% |

Debtor __Revlon, Inc., et al.__                                                                                    Case number (if known)_____

| Fill in this information to identify the case: |
| --- |
| Debtor name:  Revlon Inc., et al. |
| United States Bankruptcy Court for the: Southern District of New York |
| Case number (If known): |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | US Bank, National Association Global Corporate Trust Services 60 Livingston Avenue EP-MN-WS3C St. Paul, MN  55107-2292 United States | Rick Prokosch EMAIL - rick.prokosch@usbank.com PHONE - 651- 466-3000 FAX - 651-466-7430 | 6.25% Senior Notes due 2024 | | | | $  442,531,771 |
| 2 | Hawkins Parnell & Young LLP 303 Peachtree St. NE Ste 4000 Atlanta, GA  30308-3243 United States | Eric Hawkins Partner EMAIL - ehawkins@hpylaw.com PHONE - 312-667-8400 FAX - 877-566-1529 | Trade Payable | | | | $  4,379,093 |
| 3 | Verescene North America Inc. Verescene NA 900 Third Ave 4th Floor New York, NY  10022 United States | Ashok Sudan President EMAIL - ashock.sudan@verescence.com PHONE - 770- 385-3800 | Trade Payable | | | | $  4,022,309 |
| 4 | Orange Die Cutting Corp PO 2295 1 Favorite Ave Newburgh, NY  12550 United States | Anthony Esposito Chief Executive Officer EMAIL - aesposito@orangepkg.com PHONE - 845-562-0900 FAX - 845-562-1020 | Trade Payable | | | | $  3,641,358 |
| 5 | NCH Marketing Services, Inc. 155 N. Pfingsten Road, Suite 200 Deerfield, IL  60015 United States | Scott Hansen Chief Executive Officer EMAIL - shansen@nchmarketing.com PHONE - 915-772-3399 FAX- 847-317-0083 | Trade Payable | | | | $  2,962,089 |
| 6 | International Flavors & Fragrances 600 State Highway 36 Hazlet, NJ  07730 United States | Andreas Fibig Chief Executive Officer EMAIL - andreas.fibig@iff.com PHONE - 732-264-4500 FAX - 212-708-7132 | Trade Payable | | | | $  2,877,814 |
| 7 | Tinuiti, Inc 121 S. 13Th Street 3rd Floor Philadelphia, PA  19107 United States | Zach Morrison Chief Executive Officer EMAIL - zach.morrison@tinuiti.com PHONE - 833-846-8484 | Trade Payable | | | | $  2,419,449 |
| 8 | Englewood Lab, Inc 20 Campus Road Totowa, NJ  07512 United States | Henry Cho Chief Executive Officer EMAIL - henry.c@englewoodlab.com PHONE - 201-567-2267 | Trade Payable | | | | $  2,337,795 |
| 9 | Givaudan Fragrances Corp 300 Waterloo Valley Road Mt. Olive, NJ  07828 United States | Gilles Andrier Chief Executive Officer EMAIL - gilles.andrier@givaudan.com PHONE - 973-576-9500 | Trade Payable | | | | $  2,117,711 |
| 10 | Cass Information Systems Inc 12444 Powerscourt Drive, 550 St Louis, MO  63131 United States | Eric H. Brunngraber Chief Executive Officer EMAIL - cmreardon@cassinfo.com PHONE - 314-506-5500 | Trade Payable | | | | $  1,925,122 |
| 11 | Flywheel Digital LLC Ascential Inc 1801 Porter St. 300 Baltimore, MD  21230 United States | Larry Pluimer Chief Executive Officer EMAIL - pluimerl@flywheeldigital.com PHONE - 206-257-8207 | Trade Payable | | | | $  1,884,047 |
| 12 | Schwan Cosmetics USA, Inc. 3202 Elam Farms Pkwy Mufreesboro, TN  37127 United States | Tomás Espinosa Chief Executive Officer EMAIL - robin.gabriesheski@schwancosmeticsusa.com PHONE - 615-396-9156 FAX - 615-867-9986 | Trade Payable | | | | $  1,856,440 |
| 13 | Ancorotti Cosmetics Via Dell'Industria 22 26013 Crema (Cr), Cremona, Italy | Renato Ancorotti Chief Executive Officer EMAIL - rancorotti@ancorotticosmetics.com PHONE - 3-738-768-1113 | Trade Payable | | | | $  1,729,242 |
| 14 | VPI Holding Company LLC Smolice 1L Hala F Strykow,  95-010 Poland | Jamie Egasti Executive Chairman EMAIL - jamieegasti@vpi-inc.com PHONE - 312-255-4800 | Trade Payable | | | | $  1,607,336 |
| 15 | Array Canada Inc 45 Progress Ave. Toronto, ON  M1P 2Y6 Canada | Jeffrey K. Casselman Chief Executive Officer EMAIL - jcasselman@arraymarketing.com PHONE - 416-299-4865 FAX - 416-292-9759 | Trade Payable | | | | $  1,478,924 |

Debtor ____Revlon, Inc., et al.____                                   Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | One NY Plaza Co LLC 250 Vesey Street 15th Floor New York, NY 10281 United States | Jeremiah Larkin Executive Vice President, Director of Leasing EMAIL - Jeremiah.Larkin@brookfieldproperties.com PHONE - 212-417-7100 | Trade Payable | | | | $ 1,465,618 |
| 17 | Ibotta Inc 19957 Dept Ch, Ste 400 Palatine, IL 60055-9957 United States | Bryan Leach Chief Executive Officer EMAIL - bryan.leach@ibotta.com PHONE - 720-984-2781 | Trade Payable | | | | $ 1,440,514 |
| 18 | Quotient Technology Inc PO Box 204472 Dallas, TX 75320-4472 United States | Steven R. Boal Chief Executive Officer EMAIL - steven.boal@quotient.com PHONE - 650-605-4600 FAX - 650-605-4600 | Trade Payable | | | | $ 1,408,335 |
| 19 | Commission Junction 4140 Solutions Center Chicago, IL 60677-4001 United States | Mayuresh Kshetramade Chief Executive Officer EMAIL - mayureshkshetramade@cj.net PHONE - 800-761-1072 | Trade Payable | | | | $ 1,405,103 |
| 20 | The Nielsen Company US LLC 675 6th Ave New York, NY 10011 United States | David Kenny Chief Executive Officer EMAIL - david.kenny@nielsen.com PHONE - 617-320-5767 | Trade Payable | | | | $ 1,361,652 |
| 21 | Fiabila USA Inc. 106 Iron Mountain Road Mine Hill, NJ 07803 United States | Pierre Miasnik Chief Executive Officer EMAIL - pmiasnik@fiabila.com. PHONE - 973-659-9510 FAX - 973-659-6504 | Trade Payable | | | | $ 1,357,227 |
| 22 | Salcedo, Stephanie Estate of Theresa M. Garcia c/o Dobs Legal LLP 302 N Market Street Dallas, TX 75202 United States | Amin M. Omar Partner EMAIL - aomar@dobslegal.com PHONE - 214-722-5990 | Litigation Settlement | | | | $ 1,125,000 |
| 23 | Firmenich 250 Plainsboro Road Plainsboro, NJ 08536 United States | Gilbert Ghostine Chief Representative EMAIL - kirra.thomas@firmenich.com PHONE - 212-489-4800 FAX - 212-980-4312 | Trade Payable | | | | $ 1,220,239 |
| 24 | Shorewood Corporation of Canada Ltd. PO Box 4232 Toronto, ON M5W 5P4 Canada | S Lawrence Davis Chief Executive Officer EMAIL - ldavis@shorewoodgrp.com PHONE - 416-292-3990 FAX - 416-299-9627 | Trade Payable | | | | $ 1,198,038 |
| 25 | Premium Retail Services 618 Spirit Drive Chesterfield, MO 63005 United States | Brian Travers Chief Executive Officer EMAIL - btravers@premiumretail.com PHONE - 800-800-7318 | Trade Payable | | | | $ 1,065,274 |
| 26 | VMWARE, Inc. 3401 Hillview Ave. Palo Alto, CA 94304 United States | Sumit Dhawan President, Chief Customer Officer EMAIL - sdhawan@vmware.com PHONE - 408-221-5025 | Trade Payable | | | | $ 1,079,444 |
| 27 | Valassis Communications Inc 90469 Collection Center Drive Chicago, IL 60693 United States | Victor Nichols Chief Executive Officer EMAIL - victor.nichols@uk.experian.com PHONE - 866-250-9689 | Trade Payable | | | | $ 1,010,384 |
| 28 | Crystal Claire 165 Milner Ave Scarborough, ON M1S 4G7 Canada | Roger Hwang Chief Executive Officer EMAIL - rogerh@crystalclaire.com PHONE - 416-421-1882 FAX - 416-421-5025 | Trade Payable | | | | $ 968,578 |
| 29 | Plastek Industries Inc 2425 West 23Rd St Erie, PA 16506 United States | Dennis J Prischak Chief Executive Officer EMAIL - prischakd@plastekgroup.com PHONE - 814-878-4400 FAX - 814-878-4499 | Trade Payable | | | | $ 925,237 |
| 30 | Kerr, Myriam And Kerr, Robert c/o Simon Greenstone Panatier, PC 1201 Elm Street Suite 3400 Dallas, TX 75270 United States | Tyson Gamble Counsel EMAIL - tgamble@sgptrial.com PHONE - 214-276-7680 | Litigation Settlement | | | | $ 900,000 |
| 31 | Accenture International Limited 1 Grand Canal Square, Grand Canal H Dublin, D02 P820 Ireland | Julie Sweet Chief Executive Officer EMAIL - julie.sweet@accenture.com PHONE - 917-452-4400 FAX - 917-527-9915 | Trade Payable | | | | $ 915,000 |
| 32 | Kolmar Laboratories PO Box 12469 Newark, NJ 07101-3569 United States | Rob Theroux Chief Executive Officer EMAIL - robert.theroux@kdc-one.com PHONE - 845-856-5311 FAX - 845-856-8831 | Trade Payable | | | | $ 912,472 |
| 33 | Salesforce.com Inc. Salesforce Tower 415 Mission Street 3rd Floor San Francisco, CA 94105 United States | Marc Benioff Chief Executive Officer EMAIL - marc_benioff@salesforce.com | Trade Payable | | | | $ 875,269 |

Debtor ___Revlon, Inc., et al._____             Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 34 | Beauty Care Professional Products Participations, S.A. 33 Boulevard Prince Henri L-1724 Luxembourg | Emanuela Brero EMAIL - ebrero@cvc.com | Purchase Price Adjustment | Contingent, Unliquidated | | | Undetermined |
| 35 | Dassin, Gerald Address on file | Contact information on file | Non-Qualified Pension | Unliquidated | | | Undetermined |
| 36 | Dessen, Stanley Address on file | Contact information on file | Non-Qualified Pension | Unliquidated | | | Undetermined |
| 37 | Draper, Robert E. Address on file | Contact information on file | Non-Qualified Pension | Unliquidated | | | Undetermined |
| 38 | Engelman, Irwin Address on file | Contact information on file | Non-Qualified Pension | Unliquidated | | | Undetermined |
| 39 | Fellows, George Address on file | Contact information on file | Non-Qualified Pension | Unliquidated | | | Undetermined |
| 40 | Fox, William J. Address on file | Contact information on file | Non-Qualified Pension | Unliquidated | | | Undetermined |
| 41 | Gedeon, Harvey Address on file | Contact information on file | Non-Qualified Pension | Unliquidated | | | Undetermined |
| 42 | Greff, Douglas Address on file | Contact information on file | Non-Qualified Pension | Unliquidated | | | Undetermined |
| 43 | Kretzman, Robert K. Address on file | Contact information on file | Non-Qualified Pension | Unliquidated | | | Undetermined |
| 44 | Laurenti, Giorgio L. Address on file | Contact information on file | Non-Qualified Pension | Unliquidated | | | Undetermined |
| 45 | Levin, Jerry W. Address on file | Contact information on file | Non-Qualified Pension | Unliquidated | | | Undetermined |
| 46 | Nichols III, Wade H. Address on file | Contact information on file | Non-Qualified Pension | Unliquidated | | | Undetermined |
| 47 | Shapiro, Paul  E. Address on file | Contact information on file | Non-Qualified Pension | Unliquidated | | | Undetermined |
| 48 | Pension Benefit Guaranty Corporation PO 2295 1 Favorite Ave N.W. Suite 340 Washington, DC, DC  20005-4026 United States | Patricia Kelly Chief Financial Officer EMAIL - kelly.patricia@pbgc.gov PHONE - 703-448-0461 FAX - 202-326-4112 | Under Funded Pension Liability | Contingent, Unliquidated | | | Undetermined |
| 49 | Revlon Pension Trustee Company (U.K.) Limited Greater London House Hampstead Road London,  NW1 7QX United Kingdom | Contact information on file | Under Funded Pension Liability | Contingent, Unliquidated | | | Undetermined |
| 50 | Financial Services Regulatory Authority of Ontario 25 Sheppard Ave W Suite 100 Toronto, ON  M2N 6S6 Canada | Mark White Chief Executive Officer EMAIL - mark.white@fsrao.ca PHONE - 202-974-6012 | Under Funded Pension Liability | Contingent, Unliquidated | | | Undetermined |

Fill in this information to identify the case and this filing:

Debtor Name **Revlon Consumer Products Corporation**

United States Bankruptcy Court for the:            **Southern District of New York**

Case number (If known):                                                        (State)
                                                                                        New York

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors            12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration_____  **List of Equity Security Holders and Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

☒ */s/ Victoria Dolan*

____06/15/2022____
MM/ DD/YYYY

Signature of individual signing on behalf of debtor

**Victoria Dolan**
Printed name
**Chief Financial Officer**
Position or relationship to debtor

**Omnibus Resolutions
of the
Revlon Group Companies
and their
Respective Governing Bodies**

**WHEREAS**, (i) each of the entities listed on <u>Exhibit A</u> attached hereto (collectively, the "<u>Delaware Corporations</u>") is a Delaware corporation managed by a board of directors (collectively, the "<u>Delaware Boards</u>"); (ii) each of the entities listed on <u>Exhibit B</u> attached hereto (collectively, the "<u>New York Corporations</u>") is a New York corporation managed by a board of directors (collectively, the "<u>New York Boards</u>"); (iii) each of the entities listed on <u>Exhibit C</u> attached hereto (the "<u>Beautyge SPVs</u>") is a Delaware limited liability company managed by Beautyge I (as defined below); (iv) Revlon Professional Holding Company LLC ("<u>RPHC</u>") is a Delaware limited liability company managed by a board of managers (the "<u>RPHC Board</u>"); (v) RML, LLC ("<u>RML</u>") is a Delaware limited liability company managed by its sole member, Revlon International Corporation; (vi) Art & Science, Ltd. ("<u>Art & Science</u>") is an Illinois corporation managed by a board of directors (the "<u>Art & Science Board</u>"); (vii) Creative Nail Design, Inc. ("<u>Creative Nail</u>") is a California corporation managed by a board of directors (the "<u>Creative Nail Board</u>"); (viii) Elizabeth Arden, Inc. ("<u>Elizabeth Arden</u>") is a Florida corporation managed by a board of directors (the "<u>Elizabeth Arden Board</u>"); (ix) each of Elizabeth Arden Investments, LLC, Elizabeth Arden USC, LLC and Elizabeth Arden NM, LLC (the "<u>Elizabeth Arden LLCs</u>") is a Delaware limited liability company managed by Elizabeth Arden; (x) Roux Properties Jacksonville, LLC ("<u>Roux Properties</u>") is a Florida limited liability company managed by a board of managers (the "<u>Roux Properties Board</u>"); (xi) Revlon (Puerto Rico) Inc. ("<u>Revlon (Puerto Rico)</u>") is a Puerto Rico corporation managed by a board of directors (the "<u>Revlon (Puerto Rico) Board</u>"); (xii) Revlon Canada Inc. ("<u>Revlon Canada</u>") is a corporation organized under the Canada Business Corporations Act managed by a board of directors (the "<u>Revlon Canada Board</u>"); (xiii) Elizabeth Arden (Canada) Limited ("<u>Elizabeth Arden Canada</u>" and together with Revlon Canada, the "<u>Canadian Companies</u>") is a corporation organized under the Canada Business Corporations Act managed by a board of directors (the "<u>Elizabeth Arden Canada Board</u>" and, together with the Revlon Canada Board, the "<u>Canadian Boards</u>"); (xiv) Elizabeth Arden (UK) Ltd. ("<u>Elizabeth Arden UK</u>") is a private limited company incorporated in England and Wales managed by a board of directors (the "<u>Elizabeth Arden UK Board</u>"); and (xv) Beautyge I ("<u>Beautyge I</u>") is an exempted company limited by shares incorporated in the Cayman Islands managed by a board of directors (the "<u>Beautyge I Board</u>");

**WHEREAS**, the Delaware Corporations, the New York Corporations, the Beautyge SPVs, RPHC, RML, Art & Science, Creative Nail, Elizabeth Arden, the Elizabeth Arden LLCs, Roux Properties, Revlon (Puerto Rico), the Canadian Companies, Elizabeth Arden UK and Beautyge I are referred to collectively herein as the "<u>Revlon Group Companies</u>";

**WHEREAS**, the Delaware Boards, the New York Boards, the RPHC Board, the Art & Science Board, the Creative Nail Board, the Elizabeth Arden Board, the Roux Properties Board, the Revlon (Puerto Rico) Board, the Canadian Boards, the Elizabeth Arden UK Board and the Beautyge I Board are referred to collectively herein as the "<u>Boards</u>";

**WHEREAS**, as used herein with respect to action by any Board, the term "Official Capacity" means action by such Board on behalf of the Revlon Group Company of which it is the board of directors or managers, as applicable, and/or (a) in the case of the Elizabeth Arden Board, in its capacity as the Board of Elizabeth Arden, acting in its capacity as the sole member and manager of each of the Elizabeth Arden LLCs, (b) in the case of the Beautyge I Board, in its capacity as the Board of Beautyge I, acting in its capacity as the "Member" of each of the Beautyge SPVs (as defined in their respective limited liability company agreements (the "SPV LLC Agreements")), (c) in the case of the board of directors of Revlon International Corporation, in its capacity as the Board of Revlon International Corporation, acting in its capacity as the sole member and manager of RML, LLC, and (d) in the case of the board of directors of Beautyge Brands USA, Inc. (the "Beautyge Brand Board"), in its capacity as the Beautyge Brand Board, acting in its capacity as the sole shareholder of Beautyge I;

**WHEREAS**, any plural term defined herein in reference to a collective shall, when used in the singular, refer to any one of such collective;

**WHEREAS**, each Board is adopting the resolutions set forth below in its Official Capacity with respect to each applicable Revlon Group Company;

**WHEREAS**, (i) pursuant to Section 9(d) of each of the SPV LLC Agreements, the actions set forth below under heading 1 (the "Specified Resolutions") require for their authorization, in addition to the approval of the Beautyge I Board in its Official Capacity in respect of such Beautyge SPV, the written consent of such Beautyge SPV's "Independent Manager" (as defined in its SPV LLC Agreement), (ii) Mr. Michael Reinhold, an employee of Corporate Creations Network Inc. (the registered agent of each of the Beautyge SPVs), is currently appointed as the Independent Manager of each Beautyge SPV and, accordingly, (iii) the Independent Manager has executed and delivered a written consent to the actions approved by the Specified Resolutions (such consent, the "Independent Manager Consent");

**WHEREAS**, the Boards have reviewed and considered the financial and operational condition of their respective Revlon Group Companies and of the Revlon Group Companies as a whole, including (which word, for all purposes of these resolutions, shall be interpreted to be followed by the words, "without limitation") the historical performance of the Revlon Group Companies, the assets of the Revlon Group Companies, the current and long-term liabilities of the Revlon Group Companies, and relevant industry and credit market conditions, and have considered various alternatives in respect of such matters;

**WHEREAS**, the Boards have received, reviewed, and considered the recommendations of, and the materials presented by, the senior management of their respective Revlon Group Company and such Revlon Group Company's legal, financial, and other outside professional advisors as to the financial condition of the Revlon Group Companies, as a whole, and the relative risks and benefits of pursuing cases under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Part IV of the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "CCAA");

**WHEREAS**, the Boards have reviewed and considered the Revlon Group Companies' collective need to employ individuals and/or firms as counsel, professionals,

consultants or financial advisors to represent and assist each Revlon Group Company in carrying out its duties in connection with the chapter 11 cases under the Bankruptcy Code and the CCAA;

**WHEREAS**, the Boards have reviewed and considered the Revlon Group Companies' collective need for financing in connection with the chapter 11 cases under the Bankruptcy Code, and have determined that it is in the best interests of such Revlon Group Company, its equity holders, its creditors as a whole, and other parties in interest, for certain of the Revlon Group Companies and certain of their subsidiaries and affiliates to enter into the DIP Credit Agreements (as defined below) and one or more related agreements and amendments thereto with the financial institutions from time to time party thereto, pursuant to which the Revlon Group Companies will obtain post-petition debtor-in-possession financing to fund their chapter 11 cases and grant the liens, including the priming liens, required thereby;

**WHEREAS**, the Boards have reviewed and considered the Revlon Group Companies' collective need under the DIP Documents (as defined below) to provide adequate protection to the Secured Lenders (as defined below) in exchange for the ability for the Revlon Group Companies to use certain cash collateral that is security for the Secured Lenders party to certain of the Revlon Group Companies' prepetition debt agreements;

**WHEREAS**, the Boards have reviewed and considered the need for the Revlon Group Companies to take certain actions in order to perfect any lien or security interest granted under the Interim DIP Order (as defined below) or any of the Credit and Security Documents (as defined below);

**WHEREAS**, the Boards have reviewed and considered the need for Authorized Persons (as defined below) to take further actions to carry out the intent and purpose of the following resolutions, perform the obligations of each Revlon Group Company under the Bankruptcy Code and pay fees and expenses in connection with the transactions contemplated by the below resolutions; and

**WHEREAS**, the Boards have reviewed and considered certain actions that may have previously been taken by any director, officer, employee, manager, member, stockholder, general partner or agent of any Revlon Group Company in connection with or related to the matter set forth in the below resolutions;

**NOW, THEREFORE, BE IT:**

1. **Bankruptcy Resolutions**

   a. *Chapter 11 Filings*

   **RESOLVED**, that each Board, acting in its Official Capacity with respect to its applicable Revlon Group Company, hereby determines that it is desirable and in the best interests of such Revlon Group Company, its equity holders, its creditors as a whole, and other parties in interest, that such Revlon Group Company file a voluntary petition for relief (the "Petition" and, together with the similar petitions by all other Revlon Group Companies, the "Petitions") and commence a case (collectively, the "Bankruptcy Cases") under chapter 11 of the Bankruptcy Code

in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and be it further

**RESOLVED**, that each Board, acting in its Official Capacity with respect to its applicable Revlon Group Company, hereby authorizes, directs and empowers any officer or other authorized person of any of the Revlon Group Companies (each, an "Authorized Person"), acting in the name and on behalf of such Revlon Group Company, to (i) execute and verify the Petition as well as all other ancillary documents, and to cause the Petition to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof, any modifications to the Petition or ancillary documents, and (ii) execute, verify, and file or cause to be filed all of the petitions, schedules, lists, and other motions, objections, replies applications, and other papers or documents advisable, appropriate, convenient, desirable or necessary in connection with the foregoing; and be it further

**RESOLVED**, that in connection with the filing of the Petitions, each Board, acting in its Official Capacity with respect to its applicable Revlon Group Company, hereby (i) authorizes and directs the Authorized Persons, in the name and on behalf of such Revlon Group Company, to engage in discussions and negotiations with all stakeholders in order to prosecute the Bankruptcy Cases, (ii) authorizes, adopts and approves the form, terms, and provisions of, and is hereby authorized and empowered to file with the Bankruptcy Court any motions, pleadings, and any other documents to be performed or agreed to by such Revlon Group Company that are reasonably necessary for prosecution of and in connection with the proceedings of the Bankruptcy Cases (collectively, the "Ancillary Documents"), and (iii) authorizes and directs the Authorized Persons, in the name and on behalf of such Revlon Group Company, to execute and deliver (with such changes, additions, and modifications thereto as the Authorized Persons executing the same shall approve, such approval to be conclusively evidenced by such Authorized Persons' execution and delivery thereof) each of the Ancillary Documents to which such Revlon Group Company is a party and, upon the execution and delivery thereof by each of the other parties thereto, cause such Revlon Group Company to perform its obligations thereunder; and be it further

### b. *Retention of Professionals*

**RESOLVED**, that each Board, acting in its Official Capacity with respect to its applicable Revlon Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such Revlon Group Company, to employ certain individuals and/or firms as counsel, professionals, consultants or financial advisors to such Revlon Group Company as such Authorized Person, or any one of them, may deem advisable, appropriate, convenient, desirable or necessary to represent and assist such Revlon Group Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Revlon Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Petition and to cause to be filed appropriate applications for authority to retain the services of such individuals and firms; and be it further

**RESOLVED**, that each Board, acting in its Official Capacity with respect to its applicable Revlon Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such Revlon Group Company, to employ the law firm of Paul, Weiss,

Rifkind, Wharton & Garrison LLP ("Paul, Weiss") to represent such Revlon Group Company as chapter 11 counsel and to represent and assist such Revlon Group Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Revlon Group Company's rights, including the preparation of pleadings and filings in the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Revlon Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition and to cause to be filed an appropriate application for authority to retain the services of Paul, Weiss; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

**RESOLVED**, that each Board, acting in its Official Capacity with respect to its applicable Revlon Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such Revlon Group Company, to employ the law firm of MoloLamken, LLC ("MoloLamken") to represent such Revlon Group Company as conflicts counsel and provide certain legal services to such Revlon Group Company with regard to the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Revlon Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of MoloLamken; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

**RESOLVED**, that each Board, acting in its Official Capacity with respect to its applicable Revlon Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such Revlon Group Company, to employ PJT Partners LP (the "Financial Advisor") to represent such Revlon Group Company and provide certain financial advisory services to such Revlon Group Company with regard to the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Revlon Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of the Financial Advisor; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

**RESOLVED**, that each Board, acting in its Official Capacity with respect to its applicable Revlon Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such Revlon Group Company, to employ Alvarez & Marsal North America, LLC (the "Consultant") to represent such Revlon Group Company and provide consulting services to such Revlon Group Company with regard to the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Revlon Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition and to cause to be filed an appropriate application for authority to retain the services of the Consultant; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety, including entry into an agreement (the "CRO Agreement") among the Revlon Group Companies and the Consultant, to provide management services to the Revlon Group Companies; and be it further

**RESOLVED**, that each Board, acting in its Official Capacity with respect to its applicable Revlon Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such Revlon Group Company, to employ Kroll, LLC (the "Claims Agent") to represent such Revlon Group Company and provide notice and claims agent services to such Revlon Group Company with regard to the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Revlon Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition and to cause to be filed an appropriate application for authority to retain the services of the Claims Agent; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

## c. *Post-Petition Financing*

**RESOLVED**, that each Board, acting in its Official Capacity with respect to its applicable Revlon Group Company, hereby determines that it is desirable and in the best interests of such Revlon Group Company, its equity holders, its creditors as a whole, and other parties in interest, that such Revlon Group Company shall be, and hereby is, authorized to obtain and/or provide senior secured superpriority postpetition financings (the "DIP Financings") on the terms and conditions of the proposed debtor in possession credit agreements (the "DIP Credit Agreements"), which terms and conditions shall include any intercompany debtor-in-possession financing arrangements, whether evidenced by a separate credit agreement, the Interim DIP Order or otherwise, among, as applicable, the applicable Borrowers, the Guarantors, the financial institutions from time to time party thereto as lenders (the "DIP Lenders"), the administrative agents and collateral agents (in such capacities, the "DIP Agents" and each, individually, a "DIP Agent"), and other agents and entities from time to time party thereto substantially in the forms presented to such Board on or prior to the adoption of this resolution, with such changes, additions, and modifications thereto as any Authorized Person executing the same shall approve, such approval to be conclusively evidenced by an Authorized Person's execution and delivery thereof; and be it further

**RESOLVED**, that each Board, acting in its Official Capacity with respect to its applicable Revlon Group Company, hereby authorizes and directs each of the Authorized Persons to enter into, execute, deliver and perform the transactions, and any and all other agreements, instruments and documents deemed necessary or desirable to evidence and secure the obligations under the DIP Financing on the terms set forth in the Credit and Security Documents (as defined herein), including without limitation, any loan or credit agreements, promissory notes, deeds of trust, mortgages, deeds to secure debt, security agreements, pledge agreements, assignments of leases and rents, assignments, guaranties, subordination agreements, intercreditor agreements, agreements with third parties (including, without limitation, lockbox agreements, cash management agreements and deposit account control agreements) relating to the collateral, indemnity agreements, certificates, affidavits, financing statements, applications, notices and other agreements of any kind or nature whatsoever substantially in the form presented to such Board on or in advance of the date hereof, with such changes, additions, and modifications thereto as any Authorized Person executing the same shall approve, such approval to be conclusively evidenced by an Authorized Person's execution and delivery thereof (collectively, with the DIP Credit Agreements, the "Credit and Security Documents"); and be it further

**RESOLVED**, that each Board, acting in its Official Capacity with respect to its applicable Revlon Group Company, hereby determines that the form, terms and provisions of, the execution and delivery of, and the performance of the transactions and obligations contemplated by the Credit and Security Documents to which such Revlon Group Company is a party, are hereby, authorized, approved and adopted in all respects and each Revlon Group Company is hereby authorized to (i) execute and deliver the Credit and Security Documents to which such Revlon Group Company is a party, (ii) perform its obligations thereunder, including to borrow or lend, as applicable, under the DIP Credit Agreements, mortgage, charge, assign, pledge and otherwise transfer and encumber and grant security interests in its present and future real and leasehold property, equipment, inventory, intangibles, undertakings and other property and assets as security for its present and future obligations under or in connection with the DIP Financing and the Credit and Security Documents to which the Revlon Group Company is a party, and (iii) take all actions contemplated thereby; and be it further

**RESOLVED**, that each Board, acting in its Official Capacity with respect to its applicable Revlon Group Company, hereby determines that such Revlon Group Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to (i) the Asset-Based Revolving Credit Agreement, dated as of September 7, 2016 (as amended, restated, waived, supplemented or otherwise modified prior to the date hereof), by and among Revlon Consumer Products Corporation ("RCPC"), Revlon, Inc., certain local borrowing subsidiaries as may be from time to time borrowers thereunder, the lenders from time to time party thereto and Citibank, N.A. ("Citibank"), as the administrative agent and collateral agent, (ii) the Term Credit Agreement dated as of September 7, 2016 (as amended, restated, waived, supplemented or otherwise modified prior to the date hereof), by and among RCPC, Revlon, Inc., the lenders from time to time party thereto and Citibank, as administrative agent and collateral agent and (iii) the BrandCo Credit Agreement, dated as of May 7, 2020 (as amended, amended and restated, supplemented or otherwise modified from time to time), by and among RCPC, Revlon, Inc., the lenders party thereto, and Jefferies Finance LLC, as administrative agent and collateral agent; and be it further

**RESOLVED**, that each Board, acting in its Official Capacity with respect to its applicable Revlon Group Company, hereby determines that, to incur the DIP Financings and to use and obtain the benefits of the Cash Collateral, and in accordance with sections 363 and 364 of the Bankruptcy Code, such Revlon Group Company will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), and authorizes and directs such Revlon Group Company, as debtor and debtor in possession under the Bankruptcy Code, and each of the Authorized Persons, to negotiate and incur the Adequate Protection Obligations and to undertake any and all related transactions as in his or her reasonable discretion is determined to be necessary, desirable, or appropriate in connection with providing such adequate protection; and be it further

**RESOLVED**, that each Board, acting in its Official Capacity with respect to its applicable Revlon Group Company, hereby authorizes, adopts and approves the form, terms, and provisions of the Interim DIP Order to which such Revlon Group Company is or will be subject and the actions and transactions contemplated thereby, and each Authorized Person be, and hereby is, authorized and empowered, in the name of and on behalf of such Revlon Group Company, to

take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which such Revlon Group Company is or will be a party, including any security and pledge agreement or guaranty agreement (collectively with the Interim DIP Order and the Credit and Security Documents, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof presented to such Board on prior to the adoption of this resolution, with such changes, additions, and modifications thereto as an Authorized Person executing the same shall approve, such approval to be conclusively evidenced by an Authorized Person's execution and delivery thereof; and be it further

**RESOLVED**, that each Board, acting in its Official Capacity with respect to its applicable Revlon Group Company, hereby authorizes and directs each of the Authorized Persons, in the name and on behalf of such Revlon Group Company, to file or to authorize the Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of such Revlon Group Company that the Agent deems necessary, desirable or appropriate to perfect any lien or security interest granted under the Interim DIP Order or any of the Credit and Security Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of such Revlon Group Company and such other filings in respect of intellectual and other property of such Revlon Group Company, in each case as the Agent may reasonably request to perfect the security interests of the Agent under the Interim DIP Order; and be it further

**RESOLVED**, that each Board, acting in its Official Capacity with respect to its applicable Revlon Group Company, hereby authorizes and directs each of the Authorized Persons, in the name and on behalf of such Revlon Group Company, to take all such further actions, including to pay or approve the payment of appropriate fees and expenses payable in connection with the Adequate Protection Obligations and appropriate fees and expenses incurred by or on behalf of such Revlon Group Company, which shall be in his or her sole judgment necessary, proper or advisable to perform any of such Revlon Group Company's obligations under or in connection with the Interim DIP Order, the Credit and Security Documents, any other documents related to the provision of adequate protection, or any of the other ancillary documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

## 2.  CCAA Resolutions

**RESOLVED**, that each Canadian Board, acting in its Official Capacity with respect to its applicable Canadian Company, hereby determines that it is desirable and in the best interests of such Canadian Company, its equity holders, its creditors as a whole, and other parties in interest, that such Canadian Company file or cause to be filed an application for relief (the proceedings commenced by such application, the "CCAA Recognition Proceedings") under the

provisions of the CCAA, in the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"); and be it further

> RESOLVED, that each Canadian Board, acting in its Official Capacity with respect to its applicable Canadian Company, hereby determines that it is desirable and in the best interests of such Canadian Company, its equity holders, its creditors as a whole, and other parties in interest, that (i) Revlon, Inc. act as the foreign representative pursuant to section 45(1) of the CCAA (the "Foreign Representative") on behalf of the Canadian Companies' estates and (ii) such Canadian Company file or cause to be filed with the Bankruptcy Court or Canadian Court, as applicable, all motions, applications, and other papers or documents advisable, appropriate, convenient, desirable or necessary to effectuate such appointment; and be it further

> RESOLVED, that in connection with the filing of the CCAA Recognition Proceedings, each Canadian Board, acting in its Official Capacity with respect to its applicable Canadian Company, hereby (i) authorizes, adopts and approves the form, terms, and provisions of, and is hereby authorized and empowered to file with the Canadian Court any motions, pleadings, and any other documents to be performed or agreed to by such Canadian Company that are reasonably necessary for prosecution of and in connection with the proceedings of the CCAA Recognition Proceedings (collectively, the "Canadian Ancillary Documents"), (ii) authorizes and directs the Foreign Representative, in the name and on behalf of such Canadian Company, to execute and deliver (with such changes, additions, and modifications thereto as the Foreign Representative executing the same shall approve, such approval to be conclusively evidenced by such Foreign Representative's execution and delivery thereof) each of the Canadian Ancillary Documents to which such Canadian Company is a party and, upon the execution and delivery thereof by each of the other parties thereto, cause such Canadian Company to perform its obligations thereunder; and be it further

> RESOLVED, that each Canadian Board, acting in its Official Capacity with respect to its applicable Canadian Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such Canadian Company, to employ the law firm of Osler, Hoskin & Harcourt LLP ("Osler") to represent such Canadian Company as CCAA Recognition Proceedings counsel and to represent and assist such Canadian Company in carrying out its duties under the CCAA, and to take any and all actions to advance such Canadian Company's rights, including the preparation of pleadings and filings in the CCAA Recognition Proceedings; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Canadian Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the CCAA Recognition Proceedings and to cause to be filed an appropriate application for authority to retain the services of Osler; and be it further

### 3. General

> RESOLVED, that each of the Authorized Persons be, and each of them individually hereby is, authorized, directed and empowered from time to time in the name and on behalf of each Revlon Group Company, to (i) take such further actions and execute and deliver such certificates, instruments, guaranties, notices, and documents as may be required or as such Authorized Person or any one of them may deem advisable, appropriate, convenient, desirable or

necessary to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements, and the like, (ii) perform the obligations of each Revlon Group Company under the Bankruptcy Code or the CCAA, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by such Revlon Group Company, and (iii) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions; and be it further

**RESOLVED**, that all actions previously taken by any director, officer, employee, manager, member, stockholder, general partner or agent of any Revlon Group Company in connection with or related to the matters set forth in or reasonably contemplated or implied by the foregoing resolutions be, and each of them hereby is, adopted, ratified, confirmed and approved in all respects as the acts and deeds of such Revlon Group Company.

[*Remainder of Page Intentionally Blank*]

**Exhibit A**
**Delaware Corporations**

- Revlon, Inc.

- Revlon Consumer Products Corporation

- Revlon Development Corp.

- Revlon Government Sales, Inc.

- Almay, Inc.

- Cutex, Inc.

- OPP Products, Inc.

- Beautyge U.S.A., Inc.

- Revlon International Corporation

- SinfulColors Inc.

- Bari Cosmetics, Ltd.

- Riros Group Inc.

- Realistic Roux Professional Products Inc.

- Beautyge Brands USA, Inc.

- DF Enterprises, Inc.

- FD Management, Inc.

- RDEN Management, Inc.

- PPI Two Corporation

- Elizabeth Arden (Financing), Inc.

- Elizabeth Arden Travel Retail, Inc.

## **<u>Exhibit B</u>**
## **New York Corporations**

- Riros Corporation

- Charles Revson Inc.

- North America Revsale Inc.

- Roux Laboratories, Inc.

**<u>Exhibit C</u>**
**Beautyge SPVs**

- Beautyge II, LLC

- BrandCo Almay 2020 LLC

- BrandCo Charlie 2020 LLC

- BrandCo CND 2020 LLC

- BrandCo Curve 2020 LLC

- BrandCo Elizabeth Arden 2020 LLC

- BrandCo Giorgio Beverly Hills LLC

- BrandCo Halston 2020 LLC

- BrandCo Jean Nate 2020 LLC

- BrandCo Mitchum 2020 LLC

- BrandCo Multicultural Group 2020 LLC

- BrandCo PS 2020 LLC

- BrandCo White Shoulders 2020 LLC